IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIAN PLUCK,
A# 062866648,

    Petitioner,

vs.                                      Case No. 4:18cv479-RH/CAS

D.H.S.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, proceeding pro se, initiated this case on October 23, 2018. Petitioner was granted in forma pauperis status and his petition for writ of habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241, was reviewed. Because the petition was insufficient as filed, Petitioner was required to file an amended petition and provide clarification. ECF No. 4. He has partially complied. ECF No. 5.

    First, although Petitioner filed an amended petition, ECF No. 5, he still has not included any request for relief. *Id.* at 6. Nevertheless, based on the allegations presented, it is presumed that Petitioner is seeking to

challenge an order of removal that was entered on June 19, 2018. *Id.* at 4. Petitioner expresses fear of being returned to his home country of Guyana. *Id.* at 3-5. However, he continues to advise this Court that his appeal to the Board of Immigration Appeals is currently pending. *Id.*

Notably, although Petitioner indicates a fear of returning to his home country, he has not asserted the violation of a constitutional right. Furthermore, Petitioner has not alleged that his detention is unlawful, nor has he demonstrated that he is unable to receive due process throughout the removal proceedings. He has not alleged a constitutional claim.

Most importantly, Petitioner has not yet exhausted his immigration proceedings, and any challenge to a removal order, once it is "final," must be brought in the court of appeals pursuant to 8 U.S.C. § 1252(a)(5), (b)(9). Themeus v. U.S. Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016) (noting that "district courts lack habeas jurisdiction to entertain challenges to final orders of removal."). Well established law provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." 8 U.S.C. § 1252(a)(5).

Case No. 4:18cv479-RH/CAS

The only facts asserted in the amended petition indicate that Petitioner desires to challenge an order directing his removal from the United States. To the degree Petitioner may be entitled to such review, once final, any petition must be filed in the Court of Appeals.[1] Cano v. U.S. Atty. Gen., 709 F.3d 1052, 1053 (11th Cir. 2013) (citing Fajardo v. U.S. Atty. Gen., 659 F.3d 1303, 1307 n. 3 (11th Cir. 2011) (quoting 8 U.S.C. § 1252(a)(2)(D)). Because this Court lacks jurisdiction to review the amended petition even if Petitioner had a "final order," see Guo Xing Song v. U.S. Atty. Gen., 516 F. App'x 894, 897 (11th Cir. 2013), this case must be dismissed for lack of jurisdiction.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the amended habeas petition filed pursuant to § 2241 which appears to challenge an order of removal,

---

[1] Notably, "jurisdiction to review orders of removal is limited by the INA, which provides that 'no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii) ].'  Guo Xing Song v. U.S. Atty. Gen., 516 F. App'x 894, 896 (11th Cir. 2013) (citing 8 U.S.C. § 1252(a)(2)(C)).

Case No. 4:18cv479-RH/CAS

ECF No. 5, be **DISMISSED** because this Court lacks jurisdiction to review or dismiss an order of removal.

**IN CHAMBERS** at Tallahassee, Florida, on December 18, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**